FOSTER VS BRIGGS MACHINERY & SUPPLY CO. ET AL.

Opinion rendered November 24, 1906.

(98. S. W. Rep. 120).

1. *Corporations—Reservation of Title.*

> A corporation, to secure notes given for the price of machinery, the seller reserving title to said machinery until said notes were paid, executed a deed of trust to all its property. The seller upon default in payment of said notes, brought suit to foreclose, whereupon third parties intervened claiming a prior lien. *Held*, The acceptance by the seller of the deed of trust and the institution of foreclosure proceedings thereon, did not operate as a waiver of his claim to title reserved in the notes; that it was an election of remedies, the doctrine of waiver having no application herein.

2. *Remedies, Election of—Effect As to Other Claimants.*

> A corporation, to secure notes given for the price of machinery, the seller reserving title to said machinery until said notes were paid, executed a deed of trust to all its property. The seller upon default in payment of said notes, brought suit to foreclose and it appeared that there was nothing to indicate that another creditor had, in any way, been injured thereby by such a suit rather than by an action on the notes. *Held*, That as against said creditor the plaintiff was not estopped from maintaining this action, same being merely an election of remedies.

3. *Trust Deed—When Not Properly Acknowledged—Effect.*

> In an action to foreclose a trust deed given to secure the payment of notes for certain machinery in which the seller retained title until paid for, it appeared that said trust deed had been acknowledged by an officer, stockholder, and debtor of defendant, and grantor in the deed. All the parties in the action as well as appellant joined in a

petition or motion praying for an order to convert the property into money, and the proceeds were before the court. *Held;* That though the deed of trust was a nullity because not acknowledged by a proper officer, it was not error for the court to grant relief to the creditor secured by such deed, to the extent of the property sold, the title thereto having been reserved by said creditor.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice J. T. Dickerson, April 5, 1905.

Suit by the Briggs Machinery & Supply Company and others against the Tishomingo Oil & Cotton Company, in which the Continental Gin Company intervened, and in which the Ardmore National Bank and others filed petitions claiming a lien on the property of defendant. From a decree in favor of plaintiff and the intervener, and determining the rights of the petitioners to the balance of the property of defendant, H. B. Foster, receiver of the Bank of the Chickasaw Nation, appeals. Affirmed.

*Ledbetter & Bledsoe,* for appellant.

*Erick Gambrell, Stuart & Bell,* and *Potter, Bowman & Potter,* for appellees.

LAWRENCE, J. The Briggs Machinery & Supply Company, a copartnership, Cullins & Dulaney, a copartnership, and the Stilwell-Bierce & Smith-Vaile Company, a corporation, filed their complaint in equity October 17, 1902, against the Tishomingo Oil & Cotton Company, a corporation theretofore operating at Tishomingo, I. T., a factory for ginning cotton and making cotton seed oil it was alleged that said defendant was insolvent, had abandoned its factory, and the same was going to waste; further, that it was indebted to the

plaintiffs severally, as evidenced by promissory notes, in the same was going to waste; further, that it was indebted to the plaintiffs severally, as evidenced by promissory notes, in the total sum of $17,991.17, all of which were for the purchase price of machinery sold and put into said factory, now constituting part of it, and that each of said notes contained a provision of reservation of title in the vendor until their payment, for 8 per cent. interest, and 10 per cent. attorney's fee if sued upon or placed in the hands of an attorney for collection, and all dated January 19, 1903; that defendant, to further secure payment of said notes, executed trust deed to J. C. Weaver on said October 17, 1903, upon all its physical property, real and personal, for the benefit of plaintiffs; which deed was duly recorded. A receiver was asked for, foreclosure of trust deed, and that all creditors desiring to join in the proceeding should be allowed to do so, and that a time should be fixed in which they should so join, and for general relief. By interlocutory order a receiver was appointed, and the property described in the trust deed was sold March 23, 1904, for the sum of $30,000, and the sale was confirmed April 25, 1904. Petition of intervention was filed by the Continental Gin Company, in which it claimed a first and prior lien against the property in question for the value of machinery sold defendant and placed into and constituting a part of said property, namely, $1,500 July 25, 1902, and $3,000 July 31, 1902, evidenced by the four several promissory notes of defendant (each reserving title in vendor until payment) for 8 per cent. interest, and 10 per cent. as attorney's fee if sued upon or placed in the hands of an attorney for collection, and made payable at Birmingham, Ala., or Dallas, Tex.; and because of machinery sold to one J. D. Ray June 29, and July 15, 1901, of the value of $2,731, for which said Ray, made to said intervener his four promissory notes (providing for same interest and attorney fee, and payable at same places as the said first

four notes), to secure payment of which said Ray executed his mortgage on said machinery, which was duly filed for record July 25, 1901; and that said Ray, without the said intervener's consent, sold and delivered said machinery to defendant, and same was placed by it in said factory and became and was a part of same. Another like petition was filed by the Ardmore National Bank, claiming a lien by virtue of a judgment in its favor against defendant, rendered October 23, 1903, for $5,500. A like petition was filed by H. E. Foster, receiver of the Bank of the Chickasaw Nation, claiming lien by virtue of judgment against defendant, rendered February 16, 1904, for $22,743.20. A like petition was filed by Wm. Parr & Co., claiming a like lien by virtue of judgment rendered against defendant November 3, 1903, for $480—all of said judgments being of record in the office of the clerk of the United States District Court at Ardmore, I. T.

The case was submitted upon an agreed statement of facts, substantially as follows: That defendant is indebted to plaintiffs as shown by notes named in complaint, being for purchase price of property delivered, of the value of the notes, which reserved title in vendors until payment in full, and that the sale of the property, reservation of title, and execution of notes were in Texas, where the law was this: "All reservation of title to, or property in, chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to vendee, be void to the creditors and bona fide purchasers, unless such reservation be in writing and registered, as required of chattel mortgages." It is agreed that said word "creditors" shall mean only creditors holding liens on said chattels; that the property for which said notes were the purchase price was delivered to defendant and held by it at Tishomingo, I. T., where said deed of trust was executed January 19, 1903; that the contract

of sale reserving title to said property was never filed of record in Texas, but was filed in the office of the clerk of said United States Court; that the deed of trust was executed as alleged, and shown by copy annexed to complaint; that defendant, October 17, 1903, was "a nongoing concern" insolvent, and complainant's claims were past due; that the four notes made by Ray to the Continental Gin Company, intervener, are just debts, were for the purchase price of the property described in the mortgages set forth in its plea herein, and were its true value, and that both mortgages were duly recorded; that the four other notes of said intervener were for the purchase money of the property therein described—the title and possession of which was reserved therein, and was of the value of the amount of said notes—and for the rate of interest and attorney fee as therein mentioned, and were payable at Dallas, Tex., or Birmingham, Ala.; that said eight notes were due and wholly unpaid March 3, 1904, and represent the value of the property for which they were given, was put into and used as part of said factory, and were sold by the order of the court with the entire physical property of defendant; that the two $1,500 notes of intervener were executed at Tishomingo, I. T., payable at Dallas, Tex.; that under the laws of Texas a provision in a note for payment of attorney fees is valid; that in said sale to Davidson for $30,000 the property covered by the said two $1,500 notes brought $3,500, and the property covered by the two $750 notes brought $2,000, and that in the event the Ardmore National Bank shall prevail in this action said sums may be taken as the basis in settling the priority of rights and liens; that at the time said deed of trust was acknowledged before Kirby Purdom, as notary public, January 19, 1903, he was indebted to defendant on his unpaid subscription to its capital stock, and was actively engaged in the management of the business of defendant, all of which facts were then unknown to plaintiffs, their trustee and attorneys; that the judg-

ments of the Ardmore National Bank and of Wm. Parr & Co. are valid and unsatisfied; that the claims of the plaintiffs accrued April 11, 1902, and were renewed and secured by the trust deed.

The cause was tried to the court, which found in favor of plaintiffs for full amount of their claims in the total sum of $21,218.73; in favor of the Continental Gin Company in the sum of $8,430.96; that the deed of trust is a valid first mortgage lien upon the proceeds of the property therein described, with the exception of $3,240 owing the Continental Gin Company upon the notes described in the two mortgages of Ray to it, the said mortgages being a first and superior lien upon said proceeds; also with the exception of $1,710.03 owing said gin company on the two reserved title notes of $750 each, describing and covering 6-106 Saw Continental Linters, Feeders and Condensers, and that all of said property contributed to the $30,000 proceeds from sale made, under order of court, April 19, 1904, the sum of $26,550; that the $3,500 for the 3-70 Saw Munger Sliding Idler Gin outfit, sold by said gin company, contributed to the proceeds of the $30,000, and said gin company is entitled to be paid $3,480; that the two reserved title notes of $750 each and the two of $1,500 each were legally executed, and the title to the property covered by them legally remained the property of said gin company until paid, and that they contributed to the proceeds of sale of $30,000. It was ordered that the receiver, out of funds remaining- in his hands, pay all costs and expenses of the receivership when approved by the court, and all unpaid costs; to pay said gin company $5,190, with interest at 6 per cent. from this date, and $3,240.33, with interest from date at 8 per cent.; the Briggs Machinery & Supply Company $9,248.81; Cullins & Dulaney $5,387.10; Stilwell-Bierce & Smith-Vaile Co. $6,522.84, with interest at rate of 8 per cent. from this date; and if there is not

enough to pay said claims in full, after payment of costs and expenses and payment as provided for, to said gin company then the amount remaining shall be prorated between said plaintiffs. If there shall be a remainder in the hands of the receiver, after payment in full of said costs and expenses and claims of the gin company and plaintiffs, then payment shall be made, first, to the Ardmore National Bank on its judgment, and, second, to Wm. Parr & Co. on their judgment. It is further decreed that interveners who have filed claims prior to February 20, 1904, shall be paid pari passu, that the receiver give effect forthwith to this decree, and that his office continue for collection of claims in favor of defendant. Exceptions to the decree were taken by Ardmore National Bank, Wm. Parr & Co., and H. E. Foster, receiver. Foster, receiver of the Bank of the Chickasaw Nation, appeals, and assigns as error the action of the court in finding and adjudging that the mortgages and notes reserving title, held by the Continental Gin Company, were subsisting and prior liens upon the fund in question, in finding that the trust deed in favor of plaintiffs was next prior and superior to liens thereon, and in rendering decree in favor of said gin company and plaintiffs for any part of said fund.

The agreed statement of facts leave for consideration but two legal propositions raised by the assignment of errors, namely, did the acceptance by plaintiffs of the trust deed, and their proceeding in equity to foreclose it, and the joining therein by the gin company, by way of plea of intervention, operate as a waiver or abandonment of their claims of title reserved in their several notes, and was it an unqualified election to rely for relief to be granted by the court under the trust deed? and, if so, is the deed of trust of any validity and authority to justify the court in granting any sort of relief thereunder or any other sort of relief?

If we understand both parties, there is no contention in argument as to the validity in the first instance, in this jurisdiction, of the reservations of title contained in the several promissory notes, and as well the rate of interest and attorney fee therein provided. The counsel for appellant have admitted, in argument, that there is no controversy as to the four notes made by J. D. Ray to the gin company and the mortgage securing same, and being the same which the court below found to amount to $3,240, and by it decreed a first lien on the fund in court arising from the sale of the property in question. The question of waiver or abandonment is one of fact in this case. There is no evidence of express waiver, and the court will hesitate to so find unless it clearly appears from the action of the parties that such was the intention. The appellant earnestly contends that the acts and conduct of the parties, as shown by the record, by operation of law amount to a waiver of their legal rights under the express and valid contract providing for retention of absolute title in their favor. We are of the opinion that the doctrine of waiver does not apply. The only doctrine that could apply would be estoppel in pais, if the facts appearing in this record would justify it. If it appeared that the conduct of the plaintiffs in accepting the provisions of the trust deed in their favor, and their proceeding herein to enforce them, and the joinder therein by the gin company by way of petition of intervention, had in any way caused this appellant to have changed his situation to his injury, then he might appeal to the equity side of the court to prevent the relief asked by said parties with some show of receiving it. There is not a thing to indicate that his position has been rendered worse; that he has lost anything that he had before such action on their part. He admits that under the law they had valid liens to the full extent of their claims, but insists that they lost them by changing the form of the claim of lien, or, in other words, shifted the remedy by resorting to

equity instead of law to enforce their legal rights. It is a familiar maxim that equity does not regard form but sub stance. This was but an election of remedies. The appellant has lost nothing thereby.

Yet he further contends and insists that having elected to go into equity to foreclose a supposed deed of trust, and having proceeded thereunder so far as to convert the physical property of defendant into money, it turns out that the deed of trust is a nullity because acknowledged by an officer, stockholder, and debtor of the defendant, and grantor in the deed. Concede it, yet the record shows that appellant, as well as all the other parties to the action, joined in a petition or motion praying for an order to so convert the property and thus place it in the actual physical possession and custody of the court, and when once in the court of equity, and all the parties before the court, and it having full jurisdiction of the matter, and being fully advised in the premises upon facts expressly stipulated to be true, it was not only the right, but the duty, of the court to dispose of the entire matter before it. This it has done, and, from every point we have been able to give it, its action has been agreeable to the facts appearing and the rules of equity, and the decree is affirmed.

GILL, C. J., and CLAYTON and TOWNSEND, JJ., concur.